[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

Yvette James )
)
_____ )
)
Plaintiff(s), Cermak HHS )  Case
)
v. Cook County Dept of Corrections )
NNOC Nursing Union )
)
Defendant(s). )

1:22-cv-03232
Judge Mary M. Rowland
Magistrate Judge Heather K. McShain
RANDOM

RECEIVED

JUN 2 1 2022

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is Yvette James of the county of Cook in the state of Illinois.

3. The defendant is Cermak HHS, DOC, and NNOC, whose street address is 2700 S. California,
(city) Chicago (county) Cook (state) Il (ZIP) 60608
(Defendant's telephone number) (773) - 674 - 7100

4. The plaintiff sought employment or was employed by the defendant at (street address)
Cermak Health Services (city) Chicago
(county) Cook (state) Il (ZIP code) 60608

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5. The plaintiff [*check one box*]

(a) ☐ was denied employment by the defendant.

(b) ☑ was hired and is still employed by the defendant.

(c) ☐ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) _February_ , (day) _2_ , (year) _2022_ .

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

(a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☑*has* ☐*has not* filed a charge or charges against the defendant

asserting the acts of discrimination indicated in this complaint with any of the

following government agencies:

(i) ☑ the United States Equal Employment Opportunity Commission, on or about

(month) _February_ (day) _21_ (year) _2022_ .

(ii) ☑ the Illinois Department of Human Rights, on or about

(month) _February_ (day) _27_ (year) _2022_

(b) If charges *were* filed with an agency indicated above, a copy of the charge is

attached. ☑ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days**.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois

Department of Human Rights to cross-file with the other agency all charges received. The

plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

(a) the plaintiff previously filed a Complaint of Employment Discrimination with the

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

defendant asserting the acts of discrimination indicated in this court complaint.

    ☐ Yes (month)_____ (day)_____ (year) _____

    ☐ No, did not file Complaint of Employment Discrimination

(b)    The plaintiff received a Final Agency Decision on (month)_____

    (day) _____ (year) _____.

(c)    Attached is a copy of the

    (i) Complaint of Employment Discrimination,

        ☐ Yes    ☐ No, but a copy will be filed within 14 days.

    (ii) Final Agency Decision

        ☐ Yes    ☐ N0, but a copy will be filed within 14 days.

8.    *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐    the United States Equal Employment Opportunity Commission has not

        issued a *Notice of Right to Sue.*

(b) ☑    the United States Equal Employment Opportunity Commission has issued

        a *Notice of Right to Sue*, which was received by the plaintiff on

        (month)_____ (day)_____ (year)_____ a copy of which

        *Notice* is attached to this complaint.

9.    The defendant discriminated against the plaintiff because of the plaintiff's [*check only*

*those that apply*]:

(a)  ☐  Age (Age Discrimination Employment Act).

(b)  ☐  Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☑ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]
    (a) ☐ failed to hire the plaintiff.

    (b) ☐ terminated the plaintiff's employment.

    (c) ☐ failed to promote the plaintiff.

    (d) ☐ failed to reasonably accommodate the plaintiff's religion.

    (e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

    (f) ☑ failed to stop harassment;

    (g) ☑ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

    (h) ☑ other (specify): *failed to address sexual assault per detainee that occurred 11/2/21.*

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

4

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

I was sexually assaulted by a detainee
November 2, 2021 while responding to medical
Situation. The detainee grabbed my behind.
There were several DOC officers/sergeants present,
as well as medical personnel.

13. The facts supporting the plaintiff's claim of discrimination are as follows:

After assault, I followed all protocol and
filed the appropriate paperwork. I provided a
DOC investigator a witness list. I was later
informed I had no case because I had no
witnesses. (Please see attached letter detailing
my case). After hearing held 2/10/22 - I still
have not rec'd a decision.

14. [*AGE DISCRIMINATION ONLY*] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☑ Yes ☐ No

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a)  ☐  Direct the defendant to hire the plaintiff.

(b)  ☐  Direct the defendant to re-employ the plaintiff.

(c)  ☐  Direct the defendant to promote the plaintiff.

(d)  ☐  Direct the defendant to reasonably accommodate the plaintiff's religion.

(e)  ☐  Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f)  ☑  Direct the defendant to (specify): Pay back pay to plaintiff
during time of unfair/unpaid administrative
leave. Pay Periods: 2/18/22 thru 5/27/22 @

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016  64 hrs. per pay period including holidays.

5

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_Because of retaliatory nature, punitive damages, including but not limited to, pain and suffering (humiliation and character assassination)._

(g)  ☑ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h)  ☑ Grant such other relief as the Court may find appropriate.

_Yvette James_
(Plaintiff's signature)

_Yvette James_
(Plaintiff's name)

_527 E. Oakwood Blvd._
(Plaintiff's street address)

(City) _Chicago_ (State) _Il_ (ZIP) _60653_

(Plaintiff's telephone number) (_870_) – _866 - 8360_

Date: _6/21/22_

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

JCK Federal Building
230 S. Dearborn
Suite 1866 (Enforcement, State and Local & Hearings)
Suite 2920 (Legal & ADR)
Chicago, IL 60604
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Chicago Direct Dial: (312) 872-9777
Administration Fax: (312) 588-1255
Enforcement/File Disclosure Fax: (312) 588-1260
Federal Sector Fax: (312) 588-1265
Intake FAX: (312) 588-1286
Legal Fax: (312) 588-1494
Mediation Fax: (312) 588-1498
Website: www.eeoc.gov

# DISMISSAL AND NOTICE OF RIGHTS ENCLOSED

RE:     EEOC Charge No.:     440-2022-04005
        Charging Party:      Yvette James
        Respondent:          Cermak Health Services Cook County Health

Dear Ms. James:

The United States Equal Employment Opportunity Commission (EEOC) issued the enclosed Dismissal and Notice of Rights (Notice) in the above-referenced charge on the date reflected thereon. Specifically, on that date, EEOC sent you an email notification that EEOC had made a decision regarding the above-referenced charge and advised you to download a copy of the decision document from the Portal. Our records indicate you have not downloaded the Notice from the Portal. For your convenience, a copy of the Notice is enclosed with this letter.

Please note that if the Charging Party wants to pursue this matter further in court, Charging Party must file a lawsuit within 90 days of the date they receive the Notice. The 90-day period for filing a private lawsuit cannot be waived, extended, or restored by the EEOC.

I hope this information is helpful. If you have questions, please contact Marina Ravelo by email at marina.ravelo./@eeoc.gov.

Sincerely,

*Julianne Bowman/al*
District Director

5/27/2022
Date Mailed

Enclosure

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Chicago District Office**
230 S Dearborn Street ,
Chicago ,Illinois ,60604
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

To:  Yvette James
527 East Oakwood Boulevard, Unit 1
Chicago, IL 60653

**Charge No: 440-2022-04005**

EEOC Representative and email:     Marina Ravelo

Investigator

marina.ravelo@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 440-2022-04005.

On Behalf of the Commission:

Digitally Signed By: Julianne Bowman
3/22/2022

Julianne Bowman
District Director

**Cc:** Cook County Health

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (Release Date)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Enclosure with EEOC Notice of Closure and Rights (Release Date)

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 440-2022-04005 to the District Director at Julianne Bowman, 230 S Dearborn Street Chicago, IL 60604. You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

*Timeline of Events:*

February 21, 2022

To whom it may concern:

My name is Yvette James. I am employed with Cermak Health and Hospital Systems (Cook County Department of Corrections) as a registered nurse.

On November 2, 2021, while responding to a medical emergency involving a detainee, I was sexually assaulted by the aforementioned detainee. The detainee, who is Caucasian, arrived to the dispensary via wheelchair and uncuffed. The detainee was speaking in complete sentences, sweating, and making various requests. While applying cold compresses to diminish sweating, I turned to wet towel again, and the detainee grabbed my left butt cheek. I screamed and left the dispensary immediately.

There were several staff present at the time of the incident, including DOC officers and medical personnel. After the detainee grabbed my butt, staff gathered around to restrain detainee, to which he responded, "I was just trying to get a hug." To address the incident, I filed an EMERS #SI65024, Staff Safety Incident Report, and requested that the DOC press charges. When I visited the DOC sergeant's office to request charges be filed, one of the Caucasian sergeants, who was a witness, stated "You're the one the detainee grabbed, Aw, he was just detoxing."

On December 7, 2021 I was interviewed via phone by a DOC investigator. After giving the investigator an account of the incident, including the sergeant's statement, I was asked to provide a list of witnesses. The names provided were: Nurse T. Sellers, Paramedic Sopczak, and SGT Wray. I provided these names because these were the individuals, I remember being present when the incident occurred.

On December 15, 2021, the investigator and I spoke again via phone. It was at this time the investigator informed me I had no case because there were no witnesses. I asked the investigator had he questioned the witnesses I provided, he responded "Yes". I was very disturbed and perplexed because I knew he had not interviewed Ms. Sellers.

On December 16, 2021, I left a phone message and sent an email to the investigator requesting he revisit my witness list and interview Ms. Sellers.

On January 26, 2022, after having not received any updates regarding my case, I sent an email to the investigator. I inquired as to the status of my case and asked if he had a chance to interview Nurse Sellers. His response was that the investigation was ongoing.

On January 31, 2022, while at work, I phoned my manager, Carol Boyd, to inform her my CPR/BLS certification expired at midnight January 31, 2022. I informed her I had registered for a class at John Stroger Hospital for Wednesday, February 2nd. I stated, "I shouldn't return to work until I update my certification". Ms. Boyd replied, "Just come to work tomorrow."

On February 1, 2022, I called in sick. Ms. Boyd phoned me at home inquiring as to my whereabouts. I didn't think it strange until later.
- I have had a contentious relationship with management. I've sent several emails, filed grievances, and had a hearing regarding unfair work assignments. My hearing conducted

Commented [RJ1]: Where were you going with "per DOC" ? per DOC process?

In conclusion, I am requesting to file a joint complaint against Cook County Dept of Corrections for racial discrimination and retaliation and Cermak HHS for retaliation. I am requesting that this process begins immediately.

Regards,

Yvette James

## Fw: IM Held February. 10, 2022

**James, Yvette** <yjames@cookcountyhhs.org>
Thu 4/21/2022 1:09 PM
To: yvettejames87@yahoo.com <yvettejames87@yahoo.com>

---

**From:** James, Yvette
**Sent:** Wednesday, March 2, 2022 4:50 PM
**To:** Kampe, Linda <lkampe@cookcountyhhs.org>
**Cc:** Peters, Beena <beena.peters@cookcountyhhs.org>; Estrada, Manny <manny.estrada@cookcountyhealth.org>; Hernandez, Sandra <shernandez2@cookcountyhhs.org>; Krasucki, Nicholas <nkrasucki@cookcountyhhs.org>; Rocha, Israel <israel.rocha@cookcountyhealth.org>; Independent InspectorGeneral (Inspector General) <IndependentInspectorGeneral@cookcountyil.gov>; Natalye Tate <ntate@nationalnursesunited.org>; cvargas@nationalnursesunited.org <CVargas@nationalnursesunited.org>; Office of the President (Presidents Office) <officeofthepresident@cookcountyil.gov>
**Subject:** IM Held February. 10, 2022

Good afternoon Ms. Kampe.

As the hearing officer for my IM held February 10, 2022, I've patiently awaited your decision. I understand days get busy and time gets away from us. However, in accordance with union rules, I was hoping to have heard a decision within the ten-day timeframe . In an attempt at closure, I'd like to offer some insight.

Per all correspondences ; emails, certified mail, and telephone conversations I've had with Carol Boyd/Manager,: on November 21, 2021, it is alleged I made verbal threats to a CCDOC officer via telephone. Because of these allegations, I was escorted off the compound February. 2, 2022, per Stop Order stating my privileges were permanently revoked . This Stop Order was issued by Ronald Howard/Director of Inmate Services. Subsequently, I was placed on unpaid leave February 2, 2022 per Antoniette Williams/Director of Nursing , pending an investigation. I remain on unpaid leave.

November 21, 2021 was a Sunday.  Investigative interviews are conducted Mondays through Fridays, during regular business hours.  I never spoke to an investigator November 21, 2021 , nor is there any report of a telephone interview on November 21, 2021 in the case report Investigator Nelson filed.  I was humiliated and escorted off the compound for a conversation that never occurred. My character has been egregiously impugned based on false allegations, I repeatedly stated during my hearing, I did not recall any conversation. I inquired , "Why , after being sexually assaulted by a detainee November 2, 2021 , I was in a hearing ?" I asked , why or how I was placed on unpaid leave ? I know , with complete certainty , other employees with alleged physical assault and harassment charges were allowed to work pending an investigation and hearing decision.  Why was I placed on unpaid leave before an investigation had ever been conducted ? Your response was, "Everybody's situation is different ".

Ms. Boyd cited several CCH Personnel Rules I had allegedly violated. CCH Personnel Rules also state (I'm paraphrasing) : Employee's work performance, previous infractions and/or disciplinary actions , and precipitating factors should be considered when

alleged violations occur. My employee file is exemplary, no prior disciplinary actions for violence or otherwise. Yet, my character continues to be questioned. Although I have had a contentious relationship with management, I remain hopeful personal agendas were not allowed to cloud professional judgement.

In closing, I would like to return to work March 15, 2022 . I chose this date to allow you, and the powers that be, the opportunity to work out the particulars . I also chose this date to allow me some time to restore my mental and emotional health back to some semblance of normalcy . Reimbursement of unpaid wages would be a step in the right direction. As of March 15, 2022 , I would have missed three pay periods :

February 18, 2022 (56 hours including 2/11/22 holiday)

March 4, 2022 ( 64 hours including 2/21/22 holiday)

March 18, 2022 ( 64 hours including 3/7/22 holiday)

I hope my request are agreeable to all who are viewing.

Thanking you in advance for your consideration,

Yvette James Clinical Nurse 1 - Cermak HHS

**Sent:** <u>Wednesday, April 1, 2020 5:55 PM</u>
**From:** James, Yvette
<u>&lt;yjames@cookcountyhhs.org&gt;</u>
**Subject:** Letter

4/1/ 20

Dear Ms. Boyd,

It is with a heavy heart that I write this letter given the global pandemic we find ourselves facing as a nation and more specifically as healthcare providers. However, it is for this very reason I consider it a since of urgency that I address my concerns immediately .

Ms. Boyd I need you to help me understand why as far back as August 2016 certain IHR staff are only assigned to one division, that division being Div 6' or Div 9 . Never are they required to float to outlining areas, report to the nursing office daily for assignments (as I have been instructed) nor participate in the general float pool process. This practice has not gone on for weeks or months , but for years and still does. This is a blatant display of discrimination and unfairness in the workplace. Not to mention, a gross misuse of authority. I could simply "look away " like some of my colleagues have chosen to do or dismiss it as "the county way", while remaining increasingly disgruntled. Or even worse, just resign and go to other facilities, unable to continue to stomach the injustices witnessed but too afraid to speak up out of fear of retaliation. Well I choose to do neither, especially given the fact I've reached out before regarding these issues. These choices don't work for me for a variety of reasons: the main ones being I enjoy nursing, I always have. After 20 plus years the passion still burns in me and at a time like this we need our frontline workers more than ever. I've made a commitment to continue the fight as long as I remain healthy, to try to make a difference. I find it inconceivable that you would continue this cronyism rather than distribute your IHR staff fairly . Everyone should be required to work in all divisions, rotate us fairly whereas not to overwhelm one person with the same floor. Billboards , radio stations and TV commercials say: "We're all in this together"; yet I find myself again writing a letter asking for fairness in the workplace.

Regards,

Nurse James

Forwarded to:
DON - Linda Follenweider
Chief Med Dir - Connie
Mennella
No Response!!



BE **COUNTED.**

Be counted in the 2020 census.

## Fw: Stop Order

**James, Yvette** <yjames@cookcountyhhs.org>
Wed 4/20/2022 12:03 PM

To: Peters, Beena <beena.peters@cookcountyhhs.org>;**Carol Boyd** <carolboyd@cookcountyhhs.org>;Williams, Antoinette
<antoinette.williams@cookcountyhhs.org>;Kampe, Linda <lkampe@cookcountyhhs.org>;Rocha, Israel
<israel.rocha@cookcountyhealth.org>;Office of the President (Presidents Office)
<officeofthepresident@cookcountyil.gov>;Independent InspectorGeneral (Inspector General)
<IndependentInspectorGeneral@cookcountyil.gov>

*Don Beachem - Executive Director of DOC*

**From:** James, Yvette
**Sent:** Tuesday, April 5, 2022 11:34 AM
**To:** Don Beachem (Sheriff) <don.beachem@cookcountyil.gov>
**Subject:** Stop Order

Good morning Mr. Beachem ,

My name  is Yvette James. I am the nurse Department of
Corrections escorted out of Division 10 February 2 , 2022 per Stop Order permanently        revoking my
privileges for "verbal threats ".

To reiterate , I never threatened the DOC investigator or anyone else.
Being told I had no case (after sexual assault by detainee)  because I had no witnesses , was disturbing to
hear. I felt disregarded and marginalized ...... that feeling remains.

Mr. Beachem ,if your position is to uphold the Stop Order/permanently revoking my
credentials ; rather than rely on second and third person        variations , may I request your decision
be sent to me in writing .

Awaiting your response , Yvette James

## Re: Stop Order

**Don Beachem (Sheriff)** <Don.Beachem@ccsheriff.org>
Wed 4/20/2022 11:56 AM
To: James, Yvette <yjames@cookcountyhhs.org>

Good morning,

Please add your supervisors to the email and resend.

Thanks


**Don Beachem, Jr**
**Executive Director**
**Cook County Sheriff's Office**
**DOC Operations and Security**
**LEADS Liaison**
**Mobile: (312) 489.1508**
**Office: (773) 674.2388**
**Email: don.beachem@ccsheriff.org**

---

**From:** James, Yvette <yjames@cookcountyhhs.org>
**Sent:** Wednesday, April 20, 2022 11:54 AM
**To:** Don Beachem (Sheriff) <don.beachem@cookcountyil.gov>
**Subject:** Stop Order

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Good morning Mr. Beachem ,

                                        I previously sent you an email April 5 , 2022. Because I have not received a response from you, I was wondering if you needed me to resend ?

                                             Awaiting your response

, Yvette James

Hearing Decision

From:   Yvette James (yvettejames87@yahoo.com)

To:     cvargas@nationalnursesunited.org

Cc:     dritter@nationalnursesunited.org; ntate@nationalnursesunited.org

Date:   Thursday, April 7, 2022, 12:36 PM CDT


Good Morning Consuelo ,

Just reaching out to discuss my case. I have not received any documents from management , which Nick Krasucki stated, per email, were being processed last Wednesday 3/30/22. I also noticed when reviewing your emails sent , you had already advanced to step 3 . I am confused as to why you advanced to step 3 , before receiving  a decision , in writing , from the hearing held 2/10/22. Reviewing management's response , it appears they were equally confused.

Consuelo, perhaps you were being proactive or anticipating a negative decision. However, I would like to request union to aggressively pursue the decision from the hearing held 2/10/22 , it has been two months. Allow me to decide the direction , if any , I choose after. Understand my confusion ; you phoned me on 2/22/22 and stated , "Per Nick, Ms. Peters wants to keep you on," I  understood that to mean my job was secure, I phoned you on 2/24/22 to inquire if I could remain at  Cermak.  I speak to you the following Wednesday 2/30/22  and you state , "Nick says they're terminating you."

I am not sure how Nick Krasucki became so integral in my case. I received two emails per Nick, threatening termination. Yet, I received no follow up. I do consider these threats a form of harassment and intimidation. As previously stated, emails have been sent to Mr. Krasucki since September 2020 regarding fairness in the workplace , I don't remember ever hearing from him  until now. He is stating I'm not qualified for positions I meet the minimal qualifications - I would not apply if I  didn't meet the minimal qualifications .

Again , I would like to review my second step decision as soon as possible. Everyone is saying my credentials have been revoked per DOC. I recently reached out to the Executive Director with DOC , he has not confirmed my credentials are , in fact , permanently revoked. Please allow me to review second step decision before proceeding to any further steps.

Awaiting your response ,  Yvette James

## Re: Stop Order

**Don Beachem (Sheriff)** <Don.Beachem@ccsheriff.org>

Wed 5/4/2022 12:55 PM

To: James, Yvette <yjames@cookcountyhhs.org>;Peter Kramer (Sheriff) <Peter.Kramer@ccsheriff.org>;Estrada, Manny <manny.estrada@cookcountyhealth.org>;Nicholas Scouffas (Sheriff) <Nicholas.Scouffas@ccsheriff.org>

Cc: Rocha, Israel <israel.rocha@cookcountyhealth.org>;dritter@nationalnursesunited.org <dritter@nationalnursesunited.org>;Kampe, Linda <lkampe@cookcountyhhs.org>;cvargas@nationalnursesunited.org <CVargas@nationalnursesunited.org>;**Carol Boyd <carolboyd@cookcountyhhs.org>**;Williams, Antoinette <antoinette.williams@cookcountyhhs.org>;Natalye Tate <ntate@nationalnursesunited.org>;Peters, Beena <beena.peters@cookcountyhhs.org>

**Don Beachem, Jr**
**Executive Director**
**Cook County Sheriff's Office**
**DOC Operations and Security**
**LEADS Liaison**
**Mobile: (312) 489.1508**
**Office: (773) 674.2388**
**Email: don.beachem@ccsheriff.org**

---

**From:** James, Yvette <yjames@cookcountyhhs.org>
**Sent:** Wednesday, May 4, 2022 12:46 PM
**To:** Don Beachem (Sheriff) <don.beachem@cookcountyil.gov>
**Cc:** Rocha, Israel <israel.rocha@cookcountyhealth.org>; dritter@nationalnursesunited.org <dritter@nationalnursesunited.org>; Linda Kampe (CCHHS) <Lkampe@cookcountyhhs.org>; cvargas@nationalnursesunited.org <CVargas@nationalnursesunited.org>; Carol Boyd <carolboyd@cookcountyhhs.org>; Williams, Antoinette <antoinette.williams@cookcountyhhs.org>; Natalye Tate <ntate@nationalnursesunited.org>; Peters, Beena <beena.peters@cookcountyhhs.org>
**Subject:** Stop Order

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mr. Beachem,
                                    I am aware you do not handle lost wages. Let me more specific, is DOC upholding the Stop Order? I have had my hearing. As previously stated, I would like to hear your position (to coin a metaphor) "straight from the horse's mouth".
                                    I have been given several narratives. If you could truthfully assist me with closure, I would greatly appreciate it.

                    Sincerely, Yvette James

# Re: Hearing Decision

From: Daniel Ritter (dritter@nationalnursesunited.org)

To: yvettejames87@yahoo.com

Cc: cvargas@nationalnursesunited.org; ntate@nationalnursesunited.org; zcortez@calnurses.org; nchism@nationalnursesunited.org; kperkins@nationalnursesunited.org

Date: Monday, May 9, 2022, 12:03 PM CDT

⚠ For your security we disabled all images and links in this email. If you believe it is safe to use, mark this message as not spam.    Show images

I do have an update. Do you have time for a phone call?

**Danny Ritter** (pronouns: he/him/his)
National Nurses Organizing Committee | Midwest Coordinator
dritter@nationalnursesunited.org | (312) 241-3671 | CST

An affiliate of National Nurses United: Web | Facebook | Twitter | Instagram

On May 9, 2022, at 11:59 AM, yvettejames87 <yvettejames87@yahoo.com> wrote:

Dan,
Any updates? I have not heard from the union in over a week. I requested a copy of the grievance filed in March.

Awaiting your response, Yvette James

Sent via the Samsung Galaxy A71 5G, an AT&T 5G smartphone

-------- Original message --------
From: yvettejames87 <yvettejames87@yahoo.com>
Date: 5/2/22 11:11 AM (GMT-06:00)
To: Daniel Ritter <DRitter@NationalNursesUnited.Org>, yvettejames87@yahoo.com
Cc: Consuelo Vargas <CVargas@NationalNursesUnited.Org>, Natalye Tate
<NTate@NationalNursesUnited.Org>, zcortez@nationalnursesunited.org,
nchism@nationalnursesunited.org
Subject: Re: Hearing Decision

Dan,
Any updates? How and why is the union allowing this blatant unfairness to take place? I have been on unpaid leave, awaiting a hearing decision since 2/10/22.

Regards, Yvette James

*Generated 9/24/20*

~~Aaliyah Mcfadden <aaliyahmcfadden123@gmail.com>~~

 Gmail

---

**Grievance**

---

Aaliyah Mcfadden <aaliyahmcfadden123@gmail.com>                                    Thu, Sep 24, 2:53 PM
To: <BHR.LaborDivision@cookcountyil.gov>

To Whom It May Concern,

My name is Yvette James. I am a IHR Clinical Nurse 1 @ Cermak HHS. I recently visited your offices on Monday 9/21/20 hoping to speak to someone in person . I was told staff was working remotely.     I'm writing this letter seeking assistance in resolving some issues that have persisted far too long. I've made every attempt to follow the steps to avoid having to contact the Labor Division. However, my     attempts have fallen on deaf ears or  not been taken seriously.

I began working IHR August 2016. Myself and another nurse (both IHR) were in orientation together. My immediate supervisor's name is Carol Boyd. Since the start and up until now Ms.Boyd selec-      tively places  her friends/family friends ; not sure the connection, in certain divisions. These divisions are usually the ones she manages: Div 6,9, and 3 Annex. They never float to outlining areas , re-      port to the nursing office daily , or brave the elements walking to various assignments . My understanding is if you are float pool and making float pool salary, you are required to float: This is the nature of the beast. I do understand staffing needs are forever fluid and can change on a regular basis. However , the distribution of assignments amongst  IHR staff should be fair and equitable; not based on friendship or retaliation. This is what I've endured , sent emails about, and had meetings. I've endured retaliation,harassment, discrimination, and conflict of interest. In one meeting 3/19/19, Ms.Boyd      apologized and assured me she would be more vigilant in terms of monitoring staffing , even becoming tearful stating she wasn't aware what was going on.  Two months later I was called to Ms.Boyd's     office to be written up for not closing my door to the interlock I was medicating. I left the door cracked for air and because I had no key to get out. A superintendent came to the door, not introducing      herself first, asking me to close it. After stating her title and that an detainee had previously escaped days before, unbeknownst to me, I closed the door. When I requested that hey run the cameras        to show I closed the door and refused to sign anything, it became "Oh we just wanted to counsel you." There are more instances I can substantiate with emails and dates. I'm hoping I'm allowed that        opportunity given the proper platform. There was a meeting scheduled 9/17/20 with Carol Boyd, Antoniette Williams, Nurse Rep P.Ude, and Labor Union Rep Kindra Perkins. Ms Perkins was a no-show. We called her cell phone and office phone - no answer. I sent previous emails confirming the date and time , she agreed . When asked why she was unavailable, she responded she read the email wrong. I sent an email to her superior Marti Smith , requesting another labor rep – NO RESPONSE !! I reviewed the grievance Ms.Serena Silguero requested per Ms.Perkins. I never saw this grievance    nor had I ever seen a response dated 9/11/20 from Ms.Boyd. As a matter of fact , Ms,Perkins had submitted a grievance to Ms.Williams who was not employed at Cermak HHS at the time I initially requested her to began the process. I repeatedly informed Ms,Perkins via email my immediate supervisor's name is Carol Boyd. On the bottom of the grievance Ms.Williams signed "grievance denied".   I never understood the legitimacy.

In conclusion, I remain available for any information needed to move this process forward. I am not asking for any special treatment. I simply wish to be afforded the opportunity to work in a safe and fair environment.  Any assistance you can offer in helping me to achieve this goal would be greatly appreciated.
Sincerely, Yvette James

Outlook

YJames@cookcounty
hhs.org.

# Illinois Labor Relations Board

April 29, 2022

---

**Charging Party:**
Yvette James
527 E. Oakwood Blvd.
Chicago, IL  60653

**Respondent:**
Consuelo Vargas
National Nurses Organizing Committee
850 W. Jackson Blvd., Suite 750
Chicago, IL  60607

Case Number:  L-CB-22-019
Board Agent:  Tiara Mackins
801 S. 7th St., Suite 1200A
Springfield, IL  62703
(217) 785-3151
Tiara.Mackins@illinois.gov

Dear Parties:

The Illinois Labor Relations Board has received the enclosed unfair labor practice charge alleging a violation(s) of the Illinois Public Labor Relations Act, 5 ILCS 315 (2014). Unfair labor practice procedures are governed by Section 1220.20 of the Board's Rules and Regulations. Upon receipt of this letter and the attached unfair labor practice charge you are considered officially served in accordance with Section 1220.20(c) of the Rules.

Once the Board agent assigned to the case begins to investigate the charge, he/she will contact the Charging Party in a separate correspondence. The Board agent may request that the Charging Party submit, in writing, all information that s/he deems relevant to the charge as given on the Board's form. The Charging Party will have approximately two weeks to comply with this request. Extensions of this deadline will be given only for good cause and may only be granted upon the discretion of the investigator assigned to the case. Failure to comply with this request may result in dismissal of the charge. Upon receipt of the Charging Party's submissions, the Board agent will conduct an assessment of the case. If the Board agent deems the evidence is sufficient to proceed with the investigation, s/he will contact the Respondent and request a position statement responsive to the issues present in the case. The Respondent's position statement will be due approximately two weeks after the request. Again, the Board agent may grant only brief extensions of time to the Respondent and may only grant one for good cause. There may be brief follow-up contacts with one or both parties but only for purposes of clarification or extraordinary circumstances.

Case: 1:22-cv-03232 Document #: 1 Filed: 06/21/22 Page 24 of 39 PageID #:24



## FW: Grievance

From: Vilma Colom (Human Resources) (vilma.colom@cookcountyil.gov)

To: yvettejames87@yahoo.com

Date: Friday, September 25, 2020, 09:23 AM CDT

Yvette,

We received your e-mail through the BHR Drive this morning please call me at 312-339-7708; so that we can address your issue. Thank You!

Respectfully,

Vilma Colom

Labor Liaison Officer

From: yvettejames87 <yvettejames87@yahoo.com>
Sent: Friday, September 25, 2020 12:46 AM
To: BHR LaborDivision (Human Resources) <BHR.LaborDivision@cookcountyil.gov>
Subject: Grievance

---

### External Message Disclaimer

This message originated from an external source. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

---

Sent via my Samsung Galaxy, an AT&T 4G LTE smartphone

📄 Untitled document (2).pdf

Hearing Decision

From: Yvette James (yvettejames87@yahoo.com)

To: cvargas@nationalnursesunited.org; ntate@nationalnursesunited.org; dritter@nationalnursesunited.org; indepedentinspectorgeneral@cookcountyil.gov

Date: Monday, March 21, 2022, 12:40 PM CDT

Ms. Vargas ,

hearing decision, My hearing was held 2/10/22 ; 10 and 30 day deadlines have long expired. I remain on unpaid leave since 2/2/22. I contacted Valarie Amos with Office of Human Resources, she directed me to my union.  Is there any particular reason my case is being responded to in this manner and extended time frame ?

response , Yvette James                                                                                      Awaiting your

Page Two
April 29, 2022
L-CB-22-019

CHARGING PARTY:

Some examples of information that the Board agent may request from the Charging Party include:

1. In cases involving existing bargaining units, a description of the bargaining unit and the type of certification (historical or Board certified, with case number).

2. A summary of the bargaining history, including prior filings with the Board, including case numbers.

3. In information request cases, copies of information requests with a statement of what material, if any, has been provided to date.

4. In discrimination/retaliation cases involving specific employees, identification of each individual involved by name and title, including dates and locations of conversations, etc. and a statement indicating the employee(s) union/protected activity.

5. If the issue raised in a charge is also the subject of a contract grievance, a copy of the grievance, and the status of that grievance.

6. A statement indicating the relevance of each document included with the charge.

Please be prepared to provide this information upon the Board agent's request. If the Board agent's request for information of the charge is not clear, or suggests a misunderstanding of the issues in the case, contact the Board agent **IMMEDIATELY.**

RESPONDENT:

Upon receipt of the charge, the Respondent should take note of the following:

1. Determine who will represent the party in the proceeding and have that person file a Notice of Appearance form as soon as possible. **NOTE: The Board will not grant an extension of time on the grounds that the Respondent's representative has not yet reviewed the charge.**

2. Make a preliminary assessment of possible avenues of inquiry connected to the allegations in the charge, and ensure that those persons will be available to address the charge at the appropriate time.

3. If contacted by the Board agent and the correspondence does not appear to conform to the allegations in the charge, contact the Board agent **IMMEDIATELY** to get clarification of the course of the investigation.

Page Three
April 29, 2022
L-CB-22-019

ALL PARTIES:

1. If the case involves a matter currently in discussion that may result in a settlement of the charge, the parties should directly discuss any framework for a settlement. The Board, while it will make every effort to encourage and facilitate resolutions of charges, will not suspend investigations indefinitely while parties explore potential settlements.

2. If a party possesses a document that may be dispositive of a material factual issue in the case, it should consider authorizing the Board to share the document with the other party. All parties are encouraged to consider authorization of the release of documents as part of the investigative process. Please note that, absent authority to release a document, the Board agent may not be able to rely upon its contents to dispose of a factual issue in dispute.

3. If a new charge is directly related to a prior case before the Board already assigned to another Board agent, please advise the Board agent assigned to the new case of these circumstances as soon as possible. The Board will make every effort to coordinate investigations, but parties should not assume that the agency is aware of connections that exist between cases filed at different times.

4. Typically, the Board is unable to return documents submitted by a party because they become part of the Board's record in the case. Therefore, please submit copies of documents when providing information to the Board and retain any original documents unless otherwise requested.

5. Pursuant to the Illinois Identity Protection Act, 5 ILCS 179, parties should redact all Social Security Numbers that may appear in any documents submitted to the Board. If Social Security Numbers appear in documents submitted to the Board, the Board will redact them from the documents.

Enclosed is a Notice of Appearance. The Respondent should return this form listing its representative's contact information to the Board agent. It is not necessary for Charging Party to submit a Notice of Appearance unless there is a change in contact information or if someone other than the person who submitted the charge is representing the Charging Party. Also, in order to ensure proper processing of any correspondence, always reference the above-mentioned case number.

It is imperative that parties make every effort to cooperate with the Board agent assigned to the case. Please be sure to adhere to any deadlines set by the Board agent.

Thank you in advance for your cooperation.

Sincerely,

Cody Huffines
Board Case Manager

Enclosures

RECEIVED
ILLINOIS LABOR
APR 22 2022
RELA LOCAL PANEL:
SPRINGFIELD

# ILLINOIS LABOR RELATIONS BOARD

**☐ LOCAL PANEL:** e.g., County of Cook, City of Chicago, Chicago Transit Authority, Forest Preserve District of Cook County

**☐ STATE PANEL:** e.g., State of Illinois, county governments, municipal governments, Regional Transportation Authority

| DO NOT WRITE IN THIS SPACE |
| --- |
| CASE NUMBER |
| L-CB-22-019 |
| DATE FILED |
| 4-22-2022 |

---

## CHARGE AGAINST LABOR ORGANIZATION

**INSTRUCTIONS:** In accordance with the Illinois Public Labor Relations Act, 5 ILCS 315 (2014), *as amended*, and the Rules and Regulations of the Illinois Labor Relations Board, 80 Ill. Adm. Code §1200.20 and 1220.20, the following information is required. Submit an original and one (1) copy of this charge to the Illinois Labor Relations Board. If more space is required for any item, attach additional sheet(s), numbering items accordingly. This petition may be filed in either of the Board's offices or at ILRB.Filing@illinois.gov. Facsimiles are no longer accepted.

| Illinois Labor Relations Board<br>801 South 7th Street, Suite 1200A<br>Springfield, Illinois 62703<br>(217) 785-3155 | Illinois Labor Relations Board<br>160 North LaSalle Street, Suite S-400<br>Chicago, Illinois 60603-3103<br>(312) 793-6400 |
| --- | --- |

This agency is requesting disclosure of information that is necessary to accomplish the statutory purpose as outlined under 5 ILCS 315 (2014), as amended. Disclosure of this information is REQUIRED. Failure to provide any information will result in this form not being processed.

> BY STATUTE ONLY CHARGES FILED AND SERVED ON THE PARTIES WITHIN SIX (6) MONTHS OF THE DATE OF THE EVENT OR CONDUCT WHICH IS THE SUBJECT OF THE CHARGE WILL BE PROCESSED BY THE ILLINOIS LABOR RELATIONS BOARD.

| | | |
| --- | --- | --- |
| **1.** | NAME OF LABOR ORGANIZATION AND AFFILIATION (against whom charge is brought)<br><br>NNOC | TELEPHONE NUMBER<br><br>312-491-4900 |
| | STREET, CITY, STATE, ZIP<br><br>850 W. Jackson Blvd. #750 Chgo Il 60607 | E-MAIL<br><br>www.National Nurse United.org |
| **2.** | LABOR ORGANIZATION REPRESENTATIVE<br><br>Consuelo Vargas / Natalye Tate | TELEPHONE NUMBER<br><br>312 491-4900 |
| | STREET, CITY, STATE, ZIP<br><br>850 W. Jackson Blvd #750 Chgo Il 60607 | E-MAIL<br><br>C.Vargas@nnoc.net<br>N.Tate@nnoc.net |
| **3.** | NAME OF CHARGING PARTY<br><br>Yvette James | TELEPHONE NUMBER<br><br>870 866-8360 |
| | STREET, CITY, STATE, ZIP<br><br>527 E. Oakwood Blvd | E-MAIL<br><br>yvettejames87@yahoo.com |
| | JOB TITLE (at time of alleged unfair labor practice)<br><br>Clinical Nurse 1 | NAME OF EMPLOYER (at time of alleged unfair labor practice)<br><br>Cermak HHS |
| **4.** | CHARGING PARTY REPRESENTATIVE<br><br>N/A | TELEPHONE NUMBER |
| | STREET, CITY, STATE, ZIP | E-MAIL |

ILRB 032 (Rev. 10/2016)

| 5. | It is alleged that the above-named labor organization has engaged in (an) unfair labor practice(s) within the meaning of Section 10(b) subsection(s) ( ) of the Illinois Public Labor Relations Act. |
|---|---|
| 6. | **BASIS OF CHARGE** (specify in detail: facts, names, addresses, sites, dates, etc.) (use attachments if necessary) |

Date(s) of alleged wrongful action(s):

February 10, 2022 beginning and remains ongoing. (Still in Progress)

Name(s) of individual(s) involved:

Consuelo Vargas and Natalye Tate.

Location(s) of alleged wrongful action(s):

Cermak HHS / Cook County Dept. of Corrections.

Describe what happened:

My hearing was held 2/10/22, at which time, neither rep spoke on my behalf. I had to request case related documentation, which should have been requested prior to my hearing. I contacted my union rep (Natalye Tate) several times prior to my hearing - she never responded. I remain on unpaid leave since 2/2/22; union efforts have been ineffective, if not completely absent, in obtaining a hearing decision which should have been rendered within 10 days. The animus being displayed with my case is evident.

**SUPPORTING DOCUMENTS** (please include copies of any documents relevant to your charge)
The supporting documents filed with this charge will be considered part of the charge and will be served on the Employer.

| 7. | **RELIEF OR REMEDY SOUGHT BY CHARGING PARTY** |
|---|---|

- Investigation
- Proper union representation; if not achievable, reimbursement of union dues beginning 9/2016 and punitive damages for ineffective representation, and unfair

I have read the above petition and all attachments. The statements contained therein are true to the best of my knowledge and belief.

BY: _Yvette James_
Signature of person filing petition

NAME: Yvette James
TITLE: Clinical Nurse 1
DATE: 4/18/22

ILRB 031 (Rev. 10/2016)

4/19/22, 5:37 PM
(129,958 unread) - yvettejames87@yahoo.com - Yahoo Mail

## Hearing Decision

**From:** Yvette James (yvettejames87@yahoo.com)

**To:** cvargas@nationalnursesunited.org

**Cc:** dritter@nationalnursesunited.org; ntate@nationalnursesunited.org

**Date:** Thursday, April 7, 2022, 12:36 PM CDT

Good Morning Consuelo ,                                     Just reaching out to discuss my case. I have not received any documents from management , which Nick Krasucki stated, per email, were being processed last Wednesday 3/30/22. I also noticed when reviewing your emails sent , you had already advanced to step 3 . I am confused as to why you advanced to step 3 , before receiving a decision , in writing , from the hearing held 2/10/22. Reviewing management's response , it appears they were equally confused.

                                    Consuelo, perhaps you were being proactive or anticipating a negative decision. However, I would like to request union to aggressively pursue the decision from the hearing held 2/10/22 , it has been two months. Allow me to decide the direction , if any , I choose after. Understand my confusion ; you phoned me on 2/22/22 and stated , "Per Nick, Ms. Peters wants to keep you on," I understood that to mean my job was secure, I phoned you on 2/24/22 to inquire if I could remain at Cermak. I speak to you the following Wednesday 2/30/22 and you state , "Nick says they're terminating you."

            I am not sure how Nick Krasucki became so integral in my case. I received two emails per Nick, threatening termination. Yet, I received no follow up. I do consider these threats a form of harassment and intimidation. As previously stated, emails have been sent to Mr. Krasucki since September 2020 regarding fairness in the workplace , I don't remember ever hearing from him until now. He is stating I'm not qualified for positions I meet the minimal qualifications - I would not apply if I didn't meet the minimal qualifications .

                                    Again , I would like to review my second step decision as soon as possible. Everyone is saying my credentials have been revoked per DOC. I recently reached out to the Executive Director with DOC , he has not confirmed my credentials are , in fact , permanently revoked. Please allow me to review second step decision before proceeding to any further steps.

Awaiting your response , Yvette James

https://mail.yahoo.com/d/folders/2/messages/297410

Hearing Decision

From:  Yvette James (yvettejames87@yahoo.com)

To:    cvargas@nationalnursesunited.org

Cc:    mchism@nationalnursesunited.org; zcortez@nationalnursesunited.org; dritter@nationalnursesunited.org;
       ntate@nationalnursesunited.org

Date:  Tuesday, April 12, 2022, 11:08 AM CDT

Ms. Vargas ,
any response from you regarding my hearing decision from 2/10/22. I sent you sent you an email 4/7/22 . As previously      I have not received
stated , It has been two months since my hearing , a  decision should have been rendered at this point.
                                        Allow me to decide how to proceed once management provides their documentation. I
would like to bring this matter to a close.

James                                                                          Awaiting your response , Yvette

## Fw: Harassment/Intimidation

James, Yvette <yjames@cookcountyhhs.org>
Wed 5/12/2021 3:14 PM
To: yvettejames87@yahoo.com <yvettejames87@yahoo.com>

From: Marti Smith <msmith@nationalnursesunited.org>
Sent: Wednesday, May 12, 2021 10:04 AM
To: James, Yvette <yjames@cookcountyhhs.org>; Kindra Perkins <kperkins@nationalnursesunited.org>
Subject: Re: Harassment/Intimidation

Kindra is out sick today but can likely respond via phone tomorrow.

Marti Smith, RN
Midwest Director
NNOC/NNU
312-607-8619

From: James, Yvette <yjames@cookcountyhhs.org>
Sent: Wednesday, May 12, 2021 9:43:02 AM
To: Kindra Perkins <KPerkins@NationalNursesUnited.Org>; Ude, Pauline <pude@cookcountyhhs.org>; Marti
Smith <msmith@nationalnursesunited.org>; Independent InspectorGeneral (Inspector General)
<IndependentInspectorGeneral@cookcountyil.gov>
Cc: Peters, Beena <beena.peters@cookcountyhhs.org>; LisaParker@NBC5Responds <LisaParker@NBC5Responds>
Subject: Harassment/Intimidation

Good Morning Kindra, let me begin by stating I was taken aback by your response to yesterday's
postponed meeting. My reasons for postponing the meeting were more than legitimate. Yet, you chose
to repeatedly insist I meet while I was still in the middle of my medication administration; even after I
stated I was speaking in an open forum , with several staff present. I also stated there was no office
available to conference with administration. I repeatedly ask that we postpone until the next day, at
which time Ms.Boyd stated she would be out of the office until next Tuesday. My response was, "OK, we
can meet when you return." Yet, you and Ms.Boyd continued to insist on meeting, which at this point
bordered on harassment. Help me understand why my postponing a meeting due to work obligations
was such an issue ? You missed a very important meeting 9/17/20 ; a meeting I feel would have
prevented escalation of this issue. A meeting you stated ,"I forgot." Ms. Williams missed a meeting two
weeks ago (canceling at the last minute) for a family illness. However, you and Ms.Williams found the
time to meet twice that week to discuss 12-hour shifts. Help me understand why as a Clinical Nurse here
at Cermak HHS (Cook County Jail), I have endured harassment , intimidation, and jeopardization of my
safety and well-being ? Help me understand why I have sent several notices to management regarding
staff leaving shift assignments as early as 10:30 am and not returning , when the shift is 7 to 3:30pm.
This places patient safety at risk as well as staff. This is job abandonment clear and simple. Why hasn't
management addressed these concerns ? Instead , the response I receive is harassment and intimidation
in the form of scheduling me continuously in a division I 've been sent to previously and given an
assignment medicating 178 patients, while the two other medicating nurses were only given 70- 80
patients each. On the current May schedule: Out of 12 days scheduled, 7 of those are Division2Dorm 2 ;
the division to which I reference. It was only after I began attaching upper management to my emails

that you chose to aggressively contact management. You continuously state ,"Let's meet to resolve and save county resources on Arbitration." That's easily said when you're not facing what I face every day, a sometimes very hostile environment. I've been reaching out to you since late April 2020, to assist me in assuring that I can feel secure that I am working in a fair and safe environment.         Regards, Yvette James CN 1

## Harrassment/Intimidation

**James, Yvette** <yjames@cookcountyhhs.org>
Thu 5/6/2021 10:02 AM
To: Kindra Perkins <kperkins@nationalnursesunited.org>;Marti Smith <msmith@nationalnursesunited.org>;Ude, Pauline <pude@cookcountyhhs.org>;Ude, Pauline <pude@cookcountyhhs.org>;Peters, Beena <beena.peters@cookcountyhhs.org>

Kindra, you have offered no solution to my situation or assistance. Again, as stated , is the intent to continually place me in a unit I have previously filed an complaint against regarding unfair work assignments (a complaint that was never acknowledged or investigated); to escalate an already hostile situation or simply disregard my safety and well-being ? I do understand Ms.Boyd is experiencing some personal tragedies right now. However , there are alternate managerial personnel available, as well as the DON. So, is damage control implemented before or after a system wide breakdown ?

## Fw: Arbitration

**James, Yvette** <yjames@cookcountyhhs.org>
Thu 7/29/2021 10:19 AM

To: Kindra Perkins <kperkins@nationalnursesunited.org>
Cc: Marti Smith <msmith@nationalnursesunited.org>;Ude, Pauline <pude@cookcountyhhs.org>;Independent InspectorGeneral
(Inspector General) <IndependentInspectorGeneral@cookcountyil.gov>

Kindra, I would like the email stating my grievance is granted forwarded to me. The issues I had previously voiced concern about remain ongoing. Those issues being : retaliation, intimidation, job/shift abandonment, and contractual violations. I am certain these infractions are not acceptable practices in the workplace.

Awaiting your response, Yvette James CN1 Cermak HHS

From: Kindra Perkins <KPerkins@NationalNursesUnited.Org>
Sent: Tuesday, July 27, 2021 11:05 AM
To: James, Yvette <yjames@cookcountyhhs.org>
Cc: Ude, Pauline <pude@cookcountyhhs.org>
Subject: RE: Arbitration

We are waiting for management to sign an agreement. They have confirmed in writing to grant the grievance via email. However, we are waiting for County counsel to sign the agreement. However, as of now the agreement should be fully in affect.

From: James, Yvette <yjames@cookcountyhhs.org>
Sent: Tuesday, July 20, 2021 12:19 PM
To: Kindra Perkins <KPerkins@NationalNursesUnited.Org>
Cc: Ude, Pauline <pude@cookcountyhhs.org>; Marti Smith - FWD <msmith@nationalnursesunited.org>;
LisaParker@NBC5Responds
Subject: Arbitration

Kindra, I'm reaching out to check the status of my arbitration request. You stated in your text, my attaching upper management could hinder my chances of having my grievance addressed through arbitration. Yet, you sent me an email stating the union had denied my arbitration request . Also, at the bottom of the email you sent after our informal meeting with management July 9, 2021, ( which was in no way an impartial arbitration), your email read , "ARBITRATION SETTLEMENT." It is these inconsistencies that prompt me to attach others to our correspondences. I have categorically stated several times , I want an impartial arbitration hearing. It remains a retaliatory environment, with subtle intimidation tactics ongoing. As I have voiced before, I do fear escalation and jeopardization of my well-being. It is imperative that we get some type of formal agreement in writing and signed by all parties involved.

Cermak HHS                                                                          Regards, Yvette James CN1-

**STATE OF ILLINOIS**
**ILLINOIS LABOR RELATIONS BOARD**
**LOCAL PANEL**

Yvette James,

                Charging Party

and

National Nurses Organizing Committee,

            Respondent

Case No.  L-CB-22-019

DATE OF
MAILING:  April 29, 2022

## AFFIDAVIT OF SERVICE OF CHARGE AGAINST LABOR ORGANIZATION

I, the undersigned employee of the Illinois Labor Relations Board, certify that on the date indicated above I served the above-entitled document(s) upon the following persons, addressed to them at the following addresses:

by postage-prepaid certified mail:

Consuelo Vargas
National Nurses Organizing Committee
850 W. Jackson Blvd., Suite 750
Chicago, IL  60607

by first-class mail:

Yvette James
527 E. Oakwood Blvd.
Chicago, IL  60653

Cody Huffines, Illinois Labor Relations Board

**STATE OF ILLINOIS**
**ILLINOIS LABOR RELATIONS BOARD**
**LOCAL PANEL**

Yvette James,

                    Charging Party

    and

National Nurses Organizing Committee,

                    Respondent

Case No.  L-CB-22-019

**NOTICE OF APPEARANCE**

THE UNDERSIGNED HEREBY ENTERS APPEARANCE, IN THE ABOVE-CAPTIONED MATTER, AS REPRESENTATIVE OF

_____

SIGNATURE OF REPRESENTATIVE            ADDRESS

REPRESENTATIVE'S NAME                TELEPHONE NUMBER

FAX NUMBER                           E-MAIL

DATE

RETURN TO:   Illinois Labor Relations Board
                    Tiara Mackins
                    Tiara.Mackins@illinois.gov

To Whom It May Concern,

My name is Yvette James. I am a IHR Clinical Nurse 1 @ Cermak HHS. I recently visited your offices on Monday 9/21/20 hoping to speak to someone in person. I was told staff was working remotely. I'm writing this letter seeking assistance in resolving some issues that have persisted far too long. I've made every attempt to follow the steps to avoid having to contact the Labor Division. However, my attempts have fallen on deaf ears or not been taken seriously.

I began working at IHR August 2016. Myself and another nurse (both IHR) were in orientation together. My immediate supervisor's name is Carol Boyd. Since the start and up until now Ms.Boyd selectively places her friends/family friends ;not sure the connection, in certain divisions. These divisions are usually the ones she manages: Div 6,9, and 3 Annex. They never float to outlining areas , report to the nursing office daily, or brave the elements walking to various assignments . My understanding is if you are in float pool and making a float pool salary, you are required to float: This is the nature of the beast. I do understand staffing needs are forever fluid and can change on a regular basis. However, the distribution of assignments amongst IHR staff should be fair and equitable; not based on friendship or retaliation. This is what I've endured, sent emails about, and had meetings. I've endured retaliation, harassment, discrimination, and conflict of interest. In one meeting 3/19/19, Ms.Boyd apologized and assured me she would be more vigilant in terms of monitoring staffing , even becoming tearful stating she wasn't aware what was going on. Two months later I was called to Ms.Boyd's office to be written up for not closing my door to the interlock I was medicating. I left the door cracked for air and because I had no key to get out. A superintendent came to the door, not introducing herself first, asking me to close it. After stating her title and that an detainee had previously escaped days before, unbeknownst to me, I closed the door. When I requested that they run the cameras to show I closed the door and refused to sign anything, it became "Oh we just wanted to counsel you." There are more instances I can substantiate with emails and dates. I'm hoping I'm allowed that opportunity given the proper platform. There was a meeting scheduled 9/17/20 with Carol Boyd, Antoniette Williams, Nurse Rep P.Ude, and Labor Union Rep Kindra Perkins. Ms Perkins was a no-show. We called her cell phone and office phone - no answer. I sent previous emails confirming the date and time ,she agreed. When asked why she was unavailable, she

responded she read the email wrong. I sent an email to her superior Marti Smith , requesting another labor rep - NO RESPONSE !! I reviewed the grievance Ms.Serena Silguero requested per Ms.Perkins. I never saw this grievance nor had I ever seen a response dated 9/11/20 from Ms.Boyd. As a matter of fact , Ms.Perkins had submitted a grievance to Ms.Williams who was not employed at Cermak HHS at the time I initially requested her to begin the process. I repeatedly informed Ms.Perkins via email that my immediate supervisor's name is Carol Boyd. On the bottom of the grievance Ms.Williams signed "grievance denied". I never understood the legitimacy.

In conclusion, I remain available for any information needed to move this process forward. I am not asking for any special treatment. I simply wish to be afforded the opportunity to work in a safe and fair environment. Any assistance you can offer in helping me to achieve this goal would be greatly appreciated.

Sincerely, Yvette James