UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YVETTE JAMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:22-cv-03232 |
| v. ) | |
| ) | Hon. Judge Nancy L. Maldonado |
| ) | |
| CERMAK HHS; COOK COUNTY ) | |
| DEPARTMENT OF CORRECTIONS; ) | |
| NNOC NURSING UNION, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT NNOC'S MOTION TO DISMISS PURSUANT TO 12(B)(6)**

This motion is brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure and seeks dismissal of the claims against the NNOC Defendant for failure to state a claim upon which relief may be granted and for failure to exhaust the appropriate administrative remedy, which bars a lawsuit on the claim. This motion is based upon the following Memorandum of Points and Authorities, all matters with respect to which this Court may take judicial notice, and all papers and pleadings on file or deemed on file herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Plaintiff Yvette James is employed as a Registered Nurse at Cermak Health and Hospital Systems ("Cermak"), which is part of the Cook County Department of Corrections. Plaintiff, proceeding pro se, has filed a Complaint of Employment Discrimination ("Complaint") against Cermak and Plaintiff's union, National Nurses Organizing Committee ("NNOC") for race discrimination. The Complaint alleges Plaintiff was sexually assaulted by a detainee while

working at Cermak, and that she filed appropriate paperwork following the assault but that she was informed that she had no case. Complaint ¶12,13. The Complaint does not allege any facts regarding the Plaintiff's union, NNOC. The Complaint must be dismissed as to Defendant NNOC because (1) there are no factual allegations regarding NNOC; (2) Plaintiff has not exhausted her administrative remedies with respect to NNOC; and (3) to the extent that Plaintiff is alleging that NNOC breached its duty of fair representation, exclusive jurisdiction over such claims lies with the Illinois Labor Relations Board.

## II. RELEVANT FACTUAL ALLEGATIONS

The Complaint in this matter is a form "Complaint of Employment Discrimination," with multiple attachments. Plaintiff pleads no factual allegations that implicate NNOC Defendant in her charge of discrimination. The Complaint allegations relating to Plaintiff's claim of race discrimination are as follows:

> I was sexually assaulted by a detainee November 2, 2021 while responding to medical situation. The detainee grabbed my behind. There were several DOC officers/sergeants present, as well as medical personnel. After assault, I followed all protocol and filed the appropriate paperwork. I provided a DOC investigator a witness list. I was later informed I had no case because I had no witnesses.

Complaint ("Compl.") at 5.

The Complaint alleges that on or about February 21, 2022, Plaintiff filed a charge with the EEOC and that she obtained a Notice of Right to Sue. A copy of an EEOC Right to Sue letter is attached to the Complaint and it names Cermak Health Services Cook County Health as the only respondent. Compl. at 7. NNOC is not a named respondent in Plaintiff's EEOC complaint or the right to sue letter attached to the Complaint.

Although there are no allegations against Defendant on the face of the Complaint, the undersigned counsel has scoured the attached documents in order to discern what allegations pro

se Plaintiff may be making against NNOC. One of the attached documents is an unfair labor practice charge against NNOC with the Illinois Labor Relations Board. Compl. at 29. The allegations in this charge are:

> My hearing was held 2/10/22, at which time neither Rep spoke on my behalf. I had to request related documentation, which should have been requested prior to my hearing. I contacted my Union Rep (Natalye Tate) several times prior to my hearing. She never responded. I remain on unpaid leave since 2/2/22; union efforts have been ineffective, if not completely absent, in obtaining a hearing decision which should have been rendered within 10 days. The animus being displayed with my case is evident.

Compl. at 29. Various communications with NNOC employees are also included as attachments to the Complaint, some of which indicate that Plaintiff was unsatisfied with NNOC's handling of a grievance relating to her job at Cernak.

### III. STANDARDS FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) tests a complaint's compliance with the pleading requirements of the Federal Rules of Civil Procedure. Under those rules, a pleading must contain a "short and plain statement of the claim, showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order for a complaint to survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The facts alleged must be enough to raise the plaintiff's claim "above the speculative level" that the allegations are true. *Id.* at 545. Under this standard, a plaintiff's factual allegations must add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In the employment discrimination context, the Seventh Circuit Court of Appeals has said that these requirements mean "a plaintiff must advance plausible allegations that she experienced discrimination because of her protected characteristics." *Graham v. Bd. Of Educ.,* 8 F.4th 625,

3

627 (7th Cir. 2021); *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022). A plaintiff need not plead facts to support each element of a prima facie employment discrimination claim. *Chapman v. Yellow Cab Coop.,* 875 F.3d 846, 848 (7th Cir. 2017). But a plaintiff must plead facts to establish a plausible connection between the adverse employment action and the plaintiff's protected class. *Shah v. Walmart Stores, Inc.*, No. 3:21-CV-50277, 2022 WL 1746850, at *3 (N.D. Ill. May 31, 2022). The Court construes *pro se* complaints liberally, holding them to a less strident standard than pleadings drafted by lawyers. *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## IV. ARGUMENT

### A. The Plaintiff Lacks Sufficient Allegations to State a Claim for Relief Against NNOC Defendant.

Plaintiff does not make any allegation against NNOC Defendant in connection with her claim for violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. On the face of the Complaint, Plaintiff only directs allegations supporting her claim for discrimination on the basis of race against Cermak Health and Hospital Systems and the Cook County Department of Corrections. Compl. at 5 and 12.

Among the adverse employment actions supporting the plaintiff's claim of discrimination, the Plaintiff speaks only of the Department of Correction's failure to find merit in her claim of sexual assault and her involuntary placement on unpaid leave beginning on February 2, 2022. NNOC Defendant is not the Plaintiff's employer, there is no allegation that any NNOC Defendant played any role in the investigation of her claim of sexual assault, nor is there any allegation that NNOC Defendant played any role in Plaintiff's placement on unpaid leave. As such, no claim for racial discrimination emerging from these events can be maintained against NNOC Defendant.

Plaintiff includes no factual allegations directly or indirectly connecting any adverse employment action with her race. To the extent that Plaintiff has filed a claim for racial discrimination against NNOC Defendant, it must be dismissed.

### B. Plaintiff Has Not Exhausted Administrative Remedies Against NNOC Defendant and Thus is Barred from Bringing Title VII Claim

A person bringing suit under Title VII must first file an EEOC charge and receive a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e–5(f)(1)(A); *Lugo v. Int'l Bhd. of Elec. Workers Loc. #134*, 175 F. Supp. 3d 1026, 1034 (N.D. Ill. 2016). A plaintiff may only bring claims that are originally included in the EEOC charge or are "reasonably related to the allegations of the EEOC charge and growing out of such allegations." *Moore v. Vital Prods., Inc.* 641 F.3d 253, 256-57 (7th Cir. 2011). To be "like or reasonably related" to the allegations in the EEOC charge, the relevant claim "must, at minimum, describe the same conduct and *implicate the same individuals*." (emphasis added) *Id.* at 257 (quoting *Cheek v. W. & S. Life Ins. Co.,* 31 F.3d 497, 501 (7th Cir. 1994)). "Ordinarily, a party not named as the respondent in an EEOC charge may not be sued under Title VII." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008). An "aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination." *Rush v. McDonald's Corp.* 966 F.2d, 1110 (7th Cir. 1992).

In the EEOC charge giving rise to this suit – EEOC Charge No. 440-2022-04005 dated May 27, 2022 – Plaintiff named only Cermak Health Services Cook County Health as a Respondent. Consequently, Plaintiff's claim against defendants other than Cermak Health Services Cook County Health is barred for failure to exhaust administrative remedies. *Lugo*, 175 F. Supp. 3d at 1034.

5

The Seventh Circuit has recognized an exception to this rule "where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings." *Schnellbacher v. Baskin Clothing Co.,* 887 F.2d 124, 126 (7th Cir. 1989). In this instance, NNOC Defendant had no indication that Plaintiff intended to sue the Union. NNOC Defendant had no opportunity to participate in any sort of conciliation proceedings with the EEOC.

The exception recognized by the Seventh Circuit has not been met in this instance. As a result, the Plaintiff's claim against defendants other than Cermak Health Services Cook County Health must be barred for failure to exhaust administrative remedies.

**C. To the Extent that Plaintiff is Bringing a Duty of Fair Representation Charge Against NNOC Defendant, Her Exclusive Remedies Lie with the Illinois Labor Relations Board.**

Reading the Complaint generously, it appears that Plaintiff may be attempting to bring an issue before this Court that she has previously raised with the Illinois Labor Relations Board: that NNOC did not adequately represent her in a hearing held on February 10, 2022. This issue appears in an ILRB charge attached to the Complaint. Compl. at 23, 28 and 29. It is unclear whether Plaintiff attached this document to support a claim of discrimination by NNOC (which she did not administratively exhaust, as explained above), or to support a separate claim that NNOC breached its duty of fair representation.

The Illinois Public Labor Relations Act ("ILRA"), 5 ILCS 315/1 et seq. (West 2018)) imposes on public sector unions a duty of providing fair representation for its members. *Cessna v. City of Danville*, 296 Ill. App. 3d 156, 163 (1998). The ILRA "vests the [ILRB] with exclusive jurisdiction over claims that a union has violated its duty of fair representation." *Zander v. Carlson*, 2019 IL App (1st) 143 N.E.3d 1216, 1220 (2019). Alleging that a union has breached its duty of providing fair representation falls under the ILRA's definition of unfair labor

6

practices. *Foley v. American Federation of State, County, and Municipal Employees*, *Council 31, Local No. 2258*, 556 N.E.2d 581 (1990).

The *Zander* court stated that "[t]his comprehensive scheme of remedies and administrative procedures would be undermined by a rule that allowed union members to circumvent the Board's exclusive jurisdiction…" *Zander*, 2019 IL App (1st) 181868, ¶ 13. Accordingly, an Illinois public employee alleging a violation of the duty of fair representation must file a charge with the Illinois Labor Relations Board. *Llaca v. Avila*, 2020 IL App (3d) 190239-U (2020) (finding the plaintiff's state tort claim – which in essence was a duty of fair representation claim – was preempted by the ILRA and must be brought via an unfair labor practice charge with the ILRB). Additionally, under the ILRA Section 11(e), the only method to appeal a final order of the ILRB is to directly file a petition for review with the Illinois Appellate Court. 5 ILCS/11e (BNA, 2022).

There is no private right of action for this type of claim for public sector workers in Illinois. As the sole cause of action asserted against NNOC Defendant has already been adjudicated and dismissed by the governing body with exclusive jurisdiction over this type of claim, the Complaint must be dismissed as asserted against NNOC Defendant.

///

///

///

///

///

///

///

## V. CONCLUSION

For the foregoing reasons, NNOC Defendant requests that the claims asserted against it in this matter be dismissed in their entirety, with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

DATED: January 13, 2023

Respectfully submitted,

NNOC LEGAL DEPARTMENT

By: /s/ Imhotep A. Royster
IMHOTEP A. ROYSTER
Attorney for Defendant
National Nurses Organizing Committee
155 Grand Ave.
Oakland, CA 94612
(510) 273-2200
IRoyster@CalNurses.org

THE KARMEL LAW FIRM

By: /s/ Joseph Torres
JOSEPH TORRES
Attorney for Defendant
20 S. Clark Street, Suite 1720
Chicago, Illinois 60603
(312) 702-2718
joe@karmellawfirm.com